IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREGG COSTIN**, *et al.*<br><br>        *Plaintiffs*,<br><br>v.<br><br>**JOSEPH R. BIDEN**, *et al.*<br><br>        *Defendants.* | Civil Action No.: 1:21-cv-2484 |

## PLAINTIFFS' MOTION FOR PERMISSION TO
## OMIT HOME ADDRESSES FROM THE CAPTION

Plaintiffs Gregg Costin, Daniel Schultz, Cassidy Hollowell, Nathaniel Steele, Zachary Amigone, Tanya Murieta, Thomas Handyside, Bogdan Matuszynski, Daniel Jackson, and Lionel Kein (collectively, "Plaintiffs"), by and through undersigned counsel, hereby move for permission to omit Plaintiffs' home addresses from the caption in their Complaint, notwithstanding LCvR 5.1(c)(1). The grounds for this Motion are set forth in the accompanying memorandum. A proposed order is attached.

Dated: September 23, 2021.

                                        Respectfully submitted,

                                        By: /S/ MICHAEL A. YODER
                                             Michael A. Yoder [1600519]
                                             THE LAW OFFICE OF MICHAEL A. YODER, PLLC
                                             2300 Wilson Blvd., Suite 700
                                             Arlington, VA 22202
                                             Tel: (571) 234-5594
                                             Fax: (571) 327-5554
                                             michael@yoderesq.com

                                             *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 23, 2021, I served a true copy of the foregoing via USPS First-Class Mail, postage pre-paid, upon all named Defendants.

                By:   /S/ MICHAEL A. YODER
                        Michael A. Yoder

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREGG COSTIN**, *et al.*  *Plaintiffs*, v. **JOSEPH R. BIDEN**, *et al.*  *Defendants.* | Civil Action No.: 1:21-cv-xxxx |

**[Proposed] ORDER**

**ON PLAINTIFFS' MOTION FOR PERMISSION TO
<u>OMIT HOME ADDRESSES FROM THE CAPTION</u>**

Upon consideration of Plaintiffs' Motion for Permission for Plaintiff John Doe to Proceed Under Pseudonym and to Omit Individual Plaintiffs' Addresses From the Caption, it is hereby ORDERED that:

[  ] Plaintiffs are permitted to omit their home addresses from the caption.

Dated: _____

_____
United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREGG COSTIN**, *et al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> **JOSEPH R. BIDEN**, *et al.* <br><br> *Defendants*. | Civil Action No.: 1:21-cv- |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PERMISSION TO OMIT HOME ADDRESSES FROM THE CAPTION

As described in further detail in the Complaint, Plaintiffs are active-duty service members, federal employees, and federal contractors who serve in various branches of the Armed Services and work for, or contract with, the federal government.[1] Prior to Secretary Austin's August 24, 2021, Order ("DoD Order"), active-duty service members had the option to get vaccinated against COVID-19. (Plfs' Decls.¶ 2.) The same option was afforded to federal employees and contractors until President Biden issued Executive Orders 14042 and 14043 (collectively, "E.O.'s") on September 9, 2021. (*Id.*) However, the option to get vaccinated no longer exists and the revocation of that option forms the basis of the underlying action. (*Id.*)

Since the DoD Order and E.O.'s were issued workplace hostility, anti-government sentiment, and anti-systemic attitudes have continued to rise at rates so alarming Plaintiffs reasonably fear for their own safety and the safety of their families based upon their participation in this action. (*Id.* ¶ 3.) If we learned anything in 2020, it is that COVID-19 touches on nearly

---

[1] *See* Declarations of Plaintiffs in Support of Motion for Permission to Omit Plaintiffs' Home Addresses From Caption (together, "Plfs' Decls.") at ¶ 1.

every aspect of our lives and we must proactively mitigate the dangers of the political violence plaguing our communities.

Research shows the pandemic has disrupted our normal way of living and has generated frustrations giving rise to unprecedented social exclusion and a range of other concerns.[2] (*See* Exhibit 1.) The "psychological toll of living through a pandemic also stoked anti-government and anti-systemic attitudes and motivations for political violence." (*Id.*) According to the Peace Research Institute's study, COVID-19 did not require additional triggers to motivate political violence; the pandemic was enough alone. (*Id.*) Because Plaintiffs are either members of the United States Armed Forces, employed by the federal government or work with the federal government as contractors, the polarization caused by vastly differing views of vaccine-related policies creates a substantial risk of imminent harm to Plaintiffs and their families, and such risk is only exacerbated if their home addresses are made publicly available. Fed. R. Civ. P. 10(a) and LCvR 5.1(c)(1). ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party[,]" and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)).

## **LEGAL STANDARD**

While a Complaint filed in the District of Columbia must ordinarily "have in the caption the name and full residence address of the party[,]" LCvR 5.1(c)(1), this Circuit permits a party "to proceed anonymously" when the court determines that "the impact of the plaintiff's anonymity" outweighs "the public interest in open proceedings" once "fairness to the defendant" is taken into

---

[2] Bartusevičius, H., Bor, A., Jorgensen, F., & Petersen, M. B., *The psychological burden of the COVID-19 pandemic is associated with anti-systemic attitudes and political violence*, PSYCHOLOGICAL SCIENCE, adv. online publication (Aug. 9, 2021), available at: https://doi.org/10.1177/09567976211031847.

2

account. *Nat'l Ass'n of Waterfront Emp'rs v. Chao ("Chao")*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008). In balancing these general concerns, two different but analogous tests have been used by this Circuit. The first test consists of the six factors set forth in *United States v. Hubbard*, 650 F.2d 293, 317–21 (D.C. Cir. 1980)[3] while the second is a "five-part test to balance the concerns of plaintiffs seeking anonymity with those of defendants and the public interest." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); *see Kiakombua v. McAleenan*, No. 19-cv-1872, 2019 WL 11322784, at *1 (D.D.C. Jul. 3, 2016).

In 2019, this court succinctly captured the essence of both tests in holding that *Hubbard* and *James* address the same two general concerns: "(1) the strength of the generalized property and privacy interests involved and the possibility of prejudice to those opposing disclosure; and (2) whether the justification for nondisclosure is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature[.]" *Kiakombua*, 2019 WL 11322784, at *2 (citing *S.M.S.R v. Trump*, No. 18-cv-2838, Memorandum and Order, ECF No. 2, at 4; *O.A. v. Trump*, No. 18-cv-2718, Memorandum and Order, ECF No. 3, at 3 (same)). In the strengths of Plaintiffs' interests at stake and the bases upon which Plaintiffs file this motion are weighed against the possible prejudice with which Defendants face, it is not subject to reasonable dispute that Plaintiffs are entitled to the relief requested.

I.  **Plaintiffs' Addresses Should be Omitted from the Case Caption.**

Local Rule 5.1(c)(1) provides in part that the case caption of the original complaint "shall have in the caption the name and full residence address of the party." However, Plaintiffs fear that

---

[3] The *Hubbard* factors are: (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the document prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purpose for which the documents were introduced. *Hubbard*, 650 F.2d at 317–21; *Doe v. CFPB* ("*Doe I*"), No. 15-1177, 2015 WL 6317031, at *2 (D.D.C. Oct. 16, 2015).

3

providing their personal addresses on public record and making such sensitive information available to any person with a PACER account or even just the internet due to the likelihood that public news sources will take interest in this action, presents particular risks of violence due to the current political climate surrounding COVID-19 and vaccine-related matters.

When evaluating "the strength of the generalized property and privacy interests involved [and] the justification for nondisclosure", *Kiakombua*, 2019 WL 11322784, at *2, Plaintiffs' have a prevailing interest over any conceivable prejudice that proceeding without the provision of home addresses would impose on Defendants. Indeed, Plaintiffs' request far exceeds an interest in protecting annoyance or criticism–this is about physical safety and preservation of property.

Requiring Plaintiffs to provide their addresses in the Complaint of this action is also futile because Defendants are already privy to this information. Plaintiffs–all of whom are either (1) actively serving in the Armed Forces, (2) employed by the federal government; or (3) work with the federal government as a contractor, have already provided Defendants with their addresses pursuant to the terms of their service or employment. (Plfs' Decls. ¶ 1.)

In light of both the history of harassment and violence our nation has suffered, and continues to suffer in response to the pandemic, and the particular passions that may be inflamed in a high-profile lawsuit against President Biden, Plaintiffs' concerns are well-founded, and their request for the modest relief of omitting their home addresses from the case caption is certainly reasonable.

The risk of prejudice to Defendants in this matter is minimal, if any such risk exists at all. Plaintiffs' interests in maintaining privacy over their addresses is either exacerbated by the dangers posed against those working from home or vitiated by their duty assignments away from their

home. Plaintiffs are also represented by counsel and any service-related matters are cured by serving Plaintiffs' counsel via mail or the court's electronic CM/ECF filing system.

To the extent there is any contention as to the relief requested, Plaintiffs have also agreed to provide Defendants' counsel with Plaintiffs' home addresses upon request given that adequate assurances against public disclosure are provided. Finally, Plaintiffs are also amenable to filing a version of the caption listing Plaintiffs' home addresses under seal, if the Court so desires.

Based on the foregoing reasons, Plaintiffs' motion should be granted.

Dated: September 23, 2021.

Respectfully submitted,

By: /S/ MICHAEL A. YODER
Michael A. Yoder [1600519]
THE LAW OFFICE OF MICHAEL A. YODER, PLLC
2300 Wilson Blvd., Suite 700
Arlington, VA 22202
Tel: (571) 234-5594
Fax: (571) 327-5554
michael@yoderesq.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 23, 2021, I served a true copy of the foregoing via USPS First-Class Mail, postage pre-paid, upon all named Defendants.

By: /S/ MICHAEL A. YODER
      Michael A. Yoder